IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEROY RANKIN, JR.                                                PLAINTIFF

VS.                                    CIVIL ACTION NO. 5:18cv25-DCB-MTP

SHELTER INSURANCE, et al.                                       DEFENDANTS

## ORDER

This cause is before the Court sua sponte to address the issue of subject matter jurisdiction. It is not facially apparent from the plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. (docket entry 1-1). The Court therefore orders the plaintiff to show how the amount being sought does or does not meet the jurisdictional requirements.

The plaintiff, Leroy Rankin, Jr., filed his Complaint in the Circuit Court of Jefferson County, Mississippi, on January 22, 2018. After the plaintiff's home was destroyed by fire on September 30, 2016, he alleges that defendants Shelter Mutual Insurance Company, Helen Burks Agency, LLC, and "any and all unknown Shelter [Mutual] Insurance [Company] representatives, adjusters, and agents" have failed to pay the plaintiff for damages to his dwelling, contents and loss of use, under Homeowners Insurance Policy No. 23-71-10082076-2. (docket entry 1-1). The plaintiff's complaint alleges breach of contract, negligent misrepresentation, specific performance, unjust enrichment, and

bad faith against both Shelter and Helen Burks Agency, LLC. The plaintiff seeks damages, prejudgment interest, post judgment interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law, and seeks further relief as equity and justice require. (docket entry 1-1). The defendant, Shelter Mutual Insurance Company, removed this action to this Court on March 2, 2018, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (docket entry 1).

Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir. 1961). "Generally, where the amount in controversy is not alleged in the complaint, the defendant must demonstrate that the severity of the damages alleged give[s] rise to a reasonable probability that the jurisdictional amount has been met." Haley ex rel. Davis v. Ford Motor Co., 417 F.Supp.2d 813 (S.D. Miss. 2006) (citing Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 851 (5th Cir. 1999)).

The defendants have noted that the plaintiff does not dispute that the amount in controversy exceeds the jurisdictional

2

threshold. (docket entry 12,13). However, it is not facially apparent from the plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. Furthermore, the Court has not been presented with any summary judgment type evidence showing that the value of the plaintiff's claims supports an exercise of diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff has been silent about establishing what the true amount-in-controversy is in this case.

The Court will therefore allow the plaintiff an opportunity to file an affidavit with this Court establishing that the amount in controversy does not exceed $75,000. The plaintiff's affidavit, to be effective, must state without qualifiers or equivocation that he will not seek or accept an amount greater than $75,000, exclusive of interest and costs; and that he will not amend his complaint to seek damages in excess of $75,000, exclusive of interest and costs, for damages of any kind as a result of the circumstances alleged in the Complaint.

If the plaintiff chooses to file the affidavit, he must sign the affidavit, as "statements of counsel do not constitute competent . . . evidence." See Roberts v. Walthall County General Hosp., 96 F.Supp.2d 559, 561 (S.D. Miss. 2000). A stipulation signed by the plaintiff (and not his counsel) regarding the amount in controversy would constitute competent evidence and should resolve any question that might arise as to the binding effect of

the stipulation in subsequent proceedings. Cf. Boyd v. Dolgencorp, Inc., No. 5:12-cv-48, 2012 WL 3779952, at *3 (S.D. Miss. Aug. 31, 2012) (finding that an affidavit executed by the plaintiff's counsel could not bind the plaintiff, "who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint").

Accordingly,

IT IS HEREBY ORDERED that the plaintiff has fourteen (14) days from the date of entry of this Order to file a binding affidavit limiting his recovery to $75,000, exclusive of interest and costs, if he so chooses;

FURTHER ORDERED that if the plaintiff does not file a binding affidavit limiting his recovery to less than the jurisdictional minimum, then the parties shall produce evidence to this Court within forty-five (45) days from the date of entry of this Order, showing all damages which the plaintiff seeks in this case.

SO ORDERED, this the 5th day of June, 2018.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE