IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEROY RANKIN, JR.                                                         PLAINTIFF

VS.                                      CIVIL ACTION NO. 5:18-cv-25(DCB)(MTP)

SHELTER INSURANCE; HELEN BURKS AGENCY, LLC;
AND ANY AND ALL UNKNOWN SHELTER INSURANCE
REPRESENTATIVES, ADJUSTERS AND AGENTS                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Helen Burks Agency, LLC's Rule 12(b)(1) Motion to Dismiss for Fraudulent Joinder **(docket entry 5)**; on the plaintiff Leroy Rankin, Jr.'s Motion to Remand **(docket entry 7)**; and on defendant Helen Burks Agency, LLC's Second Rule 12(b)(1) Motion to Dismiss for Fraudulent Joinder **(docket entry 17)**.

This action was originally filed in the Circuit Court of Jefferson County, Mississippi, against "Shelter Insurance; Helen Burkes Agency, LLC; and Any and All Unknown Shelter Insurance Representatives, Adjusters and Agents." Docket Entry 1-1. The Complaint alleges Breach of Contract, Negligent Misrepresentation, Specific Performance, Unjust Enrichment, and Bad Faith. Id.

Defendant Helen Burks Agency, LLC ("Burks Agency") moves to dismiss all claims against it without prejudice, alleging that the plaintiff has fraudulently joined Burks Agency in order to defeat diversity jurisdiction (docket entry 5).

The plaintiff, Leroy Rankin, Jr., has filed a motion to remand

(docket entry 7), contending that there is a possibility that the state court would find a cause of action against the named in-state defendant on the facts alleged by the plaintiff, and that the federal court must find that the in-state defendant has been properly joined, that there is incomplete diversity, and that the case must be remanded to the state court. Id.

In support of his motion, the plaintiff argues that

> Helen Burks Agency, LLC explained the policy to Mr. Rankin. Helen Burks Agency, LLC sold the policy to Mr. Rankin. It was through Helen Burks Agency, LLC that the policy was issued to Mr. Rankin. Helen Burks Agency, LLC received premium payments and/or profits from Mr. Rankin. Helen Burks Agency, LLC was listed on every document the Plaintiff received regarding his fire claim. These undisputed facts alone show that making Helen Burks Agency, LLC a party to this case was not fraudulent, and that there is a possibility that a state court could find that a cause of action exists against Helen Burks Agency, LLC.

Id.

In response to the plaintiff's argument, Burks Agency refers the Court to the defendants' Notice of Removal, in which the defendants assert that Burks Agency has been fraudulently joined to defeat diversity jurisdiction.

Rankin's Complaint alleges that his home was destroyed by fire on September 30, 2016, during which time the home was insured by Shelter Insurance ("Shelter"). Rankin further alleges that Shelter failed to pay policy benefits allegedly owed under his homeowner's policy.

Rankin is a Mississippi resident citizen. Shelter is a

Missouri insurance company and has its principal place of business in that state. Burks Agency is Mississippi limited liability company with a resident member. However, the defendants allege that Burks Agency's citizenship should be disregarded because Rankin has fraudulently joined it to defeat diversity jurisdiction.

Under 28 U.S.C. § 1441(a), the citizenship of fictitious defendants ("Any and All Unknown Shelter Insurance Representatives, Adjusters and Agents") is disregarded for purposes of establishing diversity jurisdiction. Therefore, according to 28 U.S.C. § 1332, complete diversity of citizenship exists between Rankin and Shelter, the only properly joined defendant.

A plaintiff's inability to establish a cause of action against a non-diverse defendant in state court establishes fraudulent joinder. Burrell v. Ford Motor Co., 304 F.Supp.2d 883, 887 (S.D. Miss. 2004). A plaintiff is unable to do so if there is no reasonable basis to predict that the plaintiff might recover against the in-state defendant in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). Under a standard similar to Rule 12(b)(6) dismissal with discretion to pierce the pleadings and consider evidence appropriate for summary judgment, if no reasonably possibility of recovery exists, then the non-diverse defendant has been fraudulently joined. Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). A mere hypothetical possibility of recovery fails to alter that conclusion. Griggs v.

<u>State Farm Lloyds</u>, 181 F.3d 694, 701 (5th Cir. 1999).

Rankin's Complaint alleges breach of contract, negligent misrepresentation, specific performance, unjust enrichment, and bad faith against all "Defendants" generally (docket entry 1). But Rankin cannot rely on collective allegations of wrongdoing to circumvent fraudulent joinder. <u>Donald v. Arrowood Indem. Co.</u>, 2010 U.S. Dist. LEXIS 128005 at *18 (S.D. Miss. Nov. 23, 2010). The focus must be on factual allegations specific to Burks Agency. <u>Id</u>. at *19. Rankin's Complaint, however, fails to allege such. Rankin's Complaint does not distinguish claims against Shelter from claims against Burks Agency. It makes conclusory assertions that Burks Agency is somehow liable to Rankin for the same reasons that Shelter is allegedly liable to Rankin. As with the improper collective allegations against all defendants generally, conclusory assertions that Burks Agency is somehow liable to Rankin on the same basis as Shelter are also insufficient. <u>Id</u>. at 5.

In addition, Burks Agency, as a matter of law, cannot be liable to Rankin on the same basis as Shelter. All of Rankin's claims center on an alleged failure to pay policy benefits supposedly owed to him because of the fire. Yet, as the Complaint alleges, Burks Agency is an insurance "agent." Shelter is the insurance company that issued Rankin's policy. Burks Agency is not a party to that contract and, as a matter of law, cannot be held liable for breach of contract, negligent misrepresentation,

4

specific performance, unjust enrichment, or bad faith on a theory that Shelter allegedly failed to pay policy proceeds. See, e.g., Thompson v. Nationwide Mut. Ins. Co., 971 F.Supp. 242, 243 (N.D. Miss. 1997)("A claim for breach of an insurance policy lies against the company, not its agent.").

No reasonable possibility of recovery for breach of contract, negligent misrepresentation, specific performance, unjust enrichment or bad faith against Burks Agency exists; therefore, Burks Agency has been fraudulently joined for purposes of defeating diversity jurisdiction.

Also before the Court is the matter of amount in controversy which the Court raised sua sponte (docket entry 15). In response, Shelter shows that Rankin is claiming in excess of $217,600, plus attorneys fees and punitive damages. See Docket Entry 18. Plaintiff Rankin concurs in that amount. See Docket Entry 19. The Court therefore finds that the requisite amount for removal jurisdiction (over $75,000) is met.

IT IS THEREFORE ORDERED that defendant Helen Burks Agency, LLC's Rule 12(b)(1) Motions to Dismiss for Fraudulent Joinder **(docket entries 5 and 17)** are GRANTED, and Helen Burks Agency, LLC, is dismissed from this action without prejudice;

FURTHER ORDERED that the plaintiff Leroy Rankin, Jr.'s Motion to Remand **(docket entry 7)** is DENIED.

FURTHER ORDERED that, as set forth in Magistrate Judge Michael

T. Parker's Order Staying the Attorney Conference and Disclosure Requirements, and all discovery not relevant to the remand or referral issue (docket entry 10), the parties shall promptly notify the Magistrate Judge of this Court's Order denying the motion to remand, and shall submit a proposed Order lifting the stay. Within fourteen (14) days of entry of the order lifting the stay, the parties shall confer as outlined in L.U.Civ.R. 26(e). A telephonic case management conference shall be scheduled within sixty (60) days of the lifting of the stay.

SO ORDERED, this the 4th day of September, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE